```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION


JEFFERY L. SMITH,                 )
                                  )
          Petitioner,             )
                                  )
     v.                           )    NO. 3:10-CV-219
                                  )
SUPERINTENDENT, Westville         )
Correctional Facility,            )
                                  )
          Respondent.             )
```

## OPINION AND ORDER

This matter is before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed on May 28, 2010. For the reasons set forth below, pursuant to 28 U.S.C. § 2244(d)(1), the petition is **DISMISSED**, the Petitioner is **DENIED** a certificate of appealability and the Clerk is **DIRECTED** to close this case.

BACKGROUND

Petitioner, Jeffery Smith ("Smith"), a prisoner confined at the Westville Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254, challenging his 2008 St. Joseph County conviction for two counts of non support of a dependent child for which he was sentenced to an aggregate eight year sentence.

On July 29, 2010, this Court issued an Order to Show Cause why

the Court should not assume jurisdiction and grant the requested relief. A return to the Order to Show Cause was filed on November 5, 2010, asserting that Petitioner's section 2254 petition is untimely. Petitioner responded on November 16, 2010, asserting that "I don't believe there is a statute of limitations on a civil issue, and an inmate filing pro se." DE 10 at 3. The petition is now fully briefed, and ripe for adjudication.

DISCUSSION

Pursuant to 28 U.S.C. section 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time has expired for a petition for writ of *certiorari*. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). Section 2244(d)(2) provides that the statute of limitations is tolled for that period during "which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 5 (2000).

Smith pled guilty to the charges against him and was sentenced on April 28, 2008. DE 8-1 at 4. He did not take a direct appeal from his conviction. On February 25, 2010, Smith filed a motion to correct erroneous sentence, which the trial court denied the day it was filed. DE 8-1 at 5. On March 4, 2010, Smith filed a petition for writ of habeas corpus in the trial court in LaPorte County, which was transferred to St. Joseph County, modified into a petition for post-conviction relief, and denied on May 20, 2010. DE 8-2 at 2-3; DE 8-3 at 2-3. Smith appealed the denial of his petition for post-conviction relief, but on October 13, 2010, the Indiana Court of Appeals noted on the docket that "nothing [has been] filed in furtherance of appeal," and the next day the Court of Appeals dismissed the appeal. DE 8-4 at 3.

A petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which the judgment became final by the conclusion of direct review (28 U.S.C. § 2244(d)(1)(A)), unless one of the other predicates listed in Section 2244(d)(1) apply. Smith does not assert that any of the predicates listed in 28 U.S.C. § 2244(d)(1)(B),(C), or (D) are present in this case.

Because he filed no appeal, Smith's conviction became final on May 28, 2008, the last day upon which he could have taken a direct

appeal. The statute of limitations on Smith's conviction began to run on May 29, 2008, and concluded on June 28, 2009, unless tolled by a properly filed application for State post-conviction or other collateral review.

Smith signed his section 2254 habeas corpus petition on May 18, 2010, and it was received by the clerk of this court on May 28, 2010. Pursuant to the mail-box rule established in *Houston v. Lack*, 487 U.S. 266 (1988), the court will assume for the purposes of this memorandum that Smith filed his petition for writ of habeas corpus on May 18, 2010, the earliest date he could have submitted it to prison officials for mailing.

The motion to correct erroneous sentence Smith filed on February 25, 2010, and the petition for post-conviction relief he filed on March 4, 2010, would have tolled the statute of limitations had they been filed before the statute of limitations expired. But the statute of limitations ran on June 28, 2009, long before he filed either of these collateral attacks to his conviction or sentence. Accordingly, the motion to correct erroneous sentence and the petition for post-conviction relief did not toll the statute of limitations, Smith's federal petition for writ of habeas corpus is untimely pursuant to § 2244(d)(1), and his claims are time-barred.

Pursuant to Rule 11 of the Rules Governing Section 2254 CASES, the Court must consider whether to grant Smith a certificate of appealability. To obtain a certificate of appealability, a

4

petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(internal quotations and citations omitted).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that Smith's petition is barred by the statute of limitations. Smith has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Smith a certificate of appealability.

CONCLUSION

For the foregoing reasons, the court **DISMISSES** this petition for writ of habeas corpus pursuant to 28 U.S.C. section 2244(d)(1), **DENIES** the Petitioner a certificate of appealability, and **DIRECTS** the Clerk to close this case.


DATED: May 4, 2011                    /S/RUDY LOZANO, Judge
                                      **United States District**